UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BONNIE KRAMER, Individually, | : : : |
| Plaintiff, | : : |
| v. | Case No. 1:13-cv-7917 : : |
| PARK HILL PLAZA LLC A Domestic Limited Liability Company | : : : |
| And | : : |
| CC OF ORLAND, LLC A Domestic Limited Liability Company | : : : |
| And | : : |
| MO'S CHINESE KITCHEN INCORPORATED, A Domestic Incorporation, | : : : |
| And | : : |
| CULVER FRANCHISING SYSTEM, INC. A Foreign Incorporation Defendants. _____/ | : : : : |

## AMENDED COMPLAINT

Plaintiff, Bonnie Kramer (hereinafter "Plaintiff"), hereby sues the Defendants, Park Hill Plaza, LLC., a Domestic Limited Liability Company, CC of Orland, LLC, A Domestic Limited Liability Company, Mo's Chinese Kitchen Incorporated, a Domestic Incorporation, and Culver Franchising System, Inc, a Foreign Corporation (hereinafter collectively referred to as"Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant

to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"). In support thereof, Plaintiff states:

1. This action is brought by Bonnie Kramer, and all persons similarly situated, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) against the owners and/or operators of the Park Hill Plaza.

2. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

   b. 28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

   c. 28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3. Venue is proper in this judicial district and division. Defendant does business in the State of Illinois, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

**PARTIES**

4. Plaintiff Bonnie Kramer is a resident of Cuyahoga County, Ohio, suffers from multiple sclerosis, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104.

5. Plaintiff Bonnie Kramer is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

6.    Plaintiff Bonnie Kramer has family in Chicago, Illinois and frequently returns to the area to see her family.

7.    Plaintiff Bonnie Kramer has been to the Park Hill Plaza, located at 9170 159th Street, Orland Park, Illinois.

8.    Park Hill Plaza is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

9.    Defendant owns, leases, leases to, or operates Park Hill Plaza and/or owns, leases, leases to, or operates a public place of business at the Park Hill Plaza, and is responsible for complying with the obligations of the ADA.

## COUNT I

## VIOLATION OF THE ADA

10.   Plaintiff realleges paragraphs one (1) through nine (9) of this Complaint and incorporates them here as if set forth in full.

11.   Plaintiff was a patron at Park Hill Plaza on May 22, 2013.

12.   Plaintiff return to the property to visit family in December 2013, and is planning to return again in June 2014 to avail herself of the goods and services offered to the public at the property but for the barriers in existence that deter her from doing so.

13.   There are numerous architectural barriers present at Park Hill Plaza that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of Park Hill Plaza are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

14. Plaintiff, upon visiting the property, personally suffered discrimination because of her disability.

15. There are several elements and spaces that Plaintiff personally encountered and which discriminated against her based upon her disability, such as:

    a. There are curb ramps at the facility that have excessively steep running slopes that create a dangerous situation for an individual in a wheelchair.

    b. There are signs identifying the designated accessible parking spaces that are not mounted 60 inches above the ground for an individual in a wheelchair to utilize.

    c. There are designated accessible parking spaces do not have signs so that an individual in a wheelchair knows where the accessible parking is.

    d. The baby changing station impedes into the clear floor space of the toilet compartment in the public restroom.

    e. The storage hook in the public restroom is located too high for an individual in wheelchair to utilize.

    f. Defendant maintains a policy to allow the trash receptacle to obstruct the clear floor space to access the paper towel dispenser so that an individual in a wheelchair cannot utilize such.

    g. The grab-bars in the toilet compartment do not comply with the requirements prescribed in sections 604.5 of the 2010 Standards.

16. The discriminatory violations described in paragraph 15 of this Complaint are not an exclusive list of the Defendants' ADA violations. The Plaintiff, and all other mobility-impaired individuals similarly situated have been denied access to, and have been denied the

benefits of, services, programs and activities of the Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

17. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, the opportunity to use such elements, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

18. Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Bonnie Kramer has standing to require that all barriers to access on the property for the mobility-impaired are corrected, not merely only those Bonnie Kramer personally encountered.

19. Defendants' failure to remove the architectural barriers identified in paragraph fifteen (15) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

20. It would be readily achievable for the Defendant to remove the architectural barriers identified above.

21. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the

Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22. The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

23. Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

24. Bonnie Kramer has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 15 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

25. Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA.

26. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

28. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

29. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    A. Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36.

        i. by failing to bring Park Hill Plaza into compliance with the Standards where it is readily achievable to do so; and

        ii.      by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

B.     Order Defendant:

        i.      to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

        ii.      to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

C.     Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.     Order such other appropriate relief as the interests of justice may require.

                                Respectfully Submitted,

                                /s/ Pete M. Monismith\_\_\_
                              Pete M. Monismith
                              3945 Forbes Ave., #175
                              Pittsburgh, PA 15213
                              724-610-1881 (phone)
                              412-258-1309 (fax)
                              pete@monismithlaw.com